**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X :
WILLIAM J. BURCHIANTI and JUDITH A. :
BURCHIANTI, : SG 3836
 :
                         Plaintiffs : Docket No.:  13 Civ. _____
 :
vs. : **ORIGINAL COMPLAINT**
 :
STILLWATER PROPERTY AND CASUALTY : Jury Trial:  No
INSURANCE COMPANY, F/K/A FIDELITY :
NATIONALPROPERTY AND CASUALTY :
INSURANCE COMPANY, :
 :
                         Defendant. :
---------------------------------------------------------------X :

    Plaintiffs, by their attorneys, Gauthier, Houghtaling and Williams, for their Complaint against the Defendant, Stillwater Property and Casualty Insurance Company, f/k/a Fidelity National Property and Casualty Insurance Company, allege the following upon information and belief:

**PARTIES**

    1.    The Plaintiffs listed in the table below are individuals of the full age of majority who reside and are domiciled in this judicial district.  Their properties, located at the addresses shown below, were insured against flood damages by the Defendant.

| Name | Property Street | City | State | Zip | Insurance Policy Number |
|---|---|---|---|---|---|
| William J. Burchianti and Judith A. Burchianti | 182 President Place | Island Park | NY | 11558 | 31 4400092718 03 |

    2.    Named as Defendant herein is Stillwater Property and Casualty Insurance Company, formerly known as Fidelity National Property and Casualty Insurance Company

("Defendant"), a private insurance company incorporated under the laws of the State of New York with its principal place of business located in the State of Florida.

3. Defendant is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001, et seq. Defendant issued Standard Flood Insurance Policies (the "Policies") in its own name, as a fiscal agent of the United States. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policies.

## JURISDICTION

4. This action arises under the NFIA, Federal regulations and common law, and the flood insurance Policies that Defendant procured for and issued to each Plaintiff in its capacity as a WYO carrier under the Act. The Policies covered losses to Plaintiffs' properties, which are all located in this judicial district.

5. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA Policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

6. This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured properties are located in this judicial district.

7. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law. The Plaintiffs' various actions are properly joined in this suit pursuant to Rule 20(a) of the Federal Rules of Civil Procedure because they present similar claims against a common Defendant and involve questions of fact or law that are common to all Plaintiffs.

## VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiffs' properties are located and where a substantial part of the events at issue took place.

## FACTUAL BACKGROUND

9. Plaintiffs purchased Standard Flood Insurance Policies (the "Policies") from Defendant to insure their properties and contents located at the addresses shown above against physical damage by or from flood.

10. Plaintiffs paid all premiums when due and the Policies were in full force and effect on the date relevant to this suit.

11. On or about October 29, 2012, Superstorm Sandy (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation and severely damaging Plaintiffs' insured properties.

12. As a result of the Storm, Plaintiffs suffered losses by and from flood to their insured properties and to personal property and contents located therein. Plaintiffs have incurred and/or will incur significant expenses to repair and replace their flood-damaged properties.

13. Plaintiffs reported the damage and properly submitted their claims to Defendant. Plaintiffs duly performed and fully complied with all of the conditions of the Policies.

14. Defendant unjustifiably failed and/or refused to perform its obligations under the Policies and wrongfully denied or unfairly limited payment on the claims of each Plaintiff.

15. Plaintiffs retained independent experts to evaluate the damages to their insured properties caused by and from flood. The experts determined and found conclusive evidence that the flood event critically damaged Plaintiffs' covered properties. These damages were

thoroughly documented and reports were submitted to Defendant for review. Defendant has unfairly and improperly persisted in denying the claims.

## FIRST CLAIM FOR RELIEF

### *Breach of Contract*

16. Plaintiffs repeat and re-allege each and every allegation set forth above as if fully set forth herein.

17. Plaintiffs and Defendant entered into contracts when Plaintiffs purchased and Defendant issued the Policies.

18. The Policies, at all times relevant and material to this case, provided flood insurance coverage to each Plaintiff for, among other things, physical damage caused by flood to their properties and contents located at the addresses shown above.

19. Each Plaintiff fully performed under the contract by paying all premiums when due and cooperating with Defendant regarding their respective claims. Plaintiffs complied with all conditions precedent to their recovery herein, including appropriate and adequate demands, or Defendant waived or excused such conditions precedent.

20. Defendant failed to perform and materially breached the insurance contracts when it wrongly failed to pay and refused to reimburse each Plaintiff what he or she was owed for damages the Storm caused to properties covered by the Policies. Defendant also breached the contracts by failing to perform other obligations it owed under the Policies.

21. By virtue of its various breaches of contract, including its failure to fully reimburse each Plaintiff for his or her covered losses, Defendant is liable to and owes each Plaintiff for the actual damages he or she sustained as a foreseeable and direct result of the

breach, all costs associated with recovering, repairing and/or replacing the covered properties, together with interest and all other damages Plaintiffs may prove as allowed by law.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiffs named herein respectfully request that the Court enter judgment in their favor for such amounts as each Plaintiff may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law, and other and further relief the Court may deem just and proper.

        Respectfully submitted,

        **Gauthier Houghtaling and Williams**

By: _____
        Sean Greenwood
        SG 3836
        Attorneys for Plaintiffs
        52 Duane Street – FL 7
        New York, NY 10007
        Telephone: (646) 461-9197
        Facsimile: (212) 732-6323

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| WILLIAM J. BURCHIANTI and JUDITH A. BURCHIANTI, | : | SG 3836 |
| Plaintiffs | : | Docket No.: 13 Civ. _____ |
| vs. | : | **RULE 7.1(a) STATEMENT** |
| STILLWATER PROPERTY AND CASUALTY INSURANCE COMPANY, F/K/A FIDELITY NATIONALPROPERTY AND CASUALTY INSURANCE COMPANY, | : | Jury Trial: No |
| Defendant. | : | |

---

PURSUANT to Rule 7.1(a) (formerly Local Civil Rule 1.9) of the Federal Rules of Civil Procedure, in order to enable judges and magistrate judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiffs, a non-governmental party, certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which are publicly held: NONE.

Date: New York, New York
October 25, 2013

Respectfully submitted,

**Gauthier Houghtaling and Williams**

By: _____
Sean Greenwood
SG 3836
Attorneys for Plaintiffs
52 Duane Street – FL 7
New York, NY 10007
Telephone: (646) 461-9197
Facsimile: (212) 732-6323

6